UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA

                                 10 Cr. 222-01

    - against -

                                   OPINION

VLADIMIR ALEXIS MORILLO-VIDAL,

                Defendant.

------------------------------------------X

**Sweet, D.J.**

By letter, dated June 1, 2012, defendant Vladimir Morillo (the "Defendant" or "Morillo") has moved pro se requesting transcripts from the Grand Jury proceeding related to his indictment.

For the reasons set forth below, the Defendant's motion is denied as moot.

**Prior Proceedings and Facts**

On October 19, 2010, the Defendant Morillo and a co-

1

defendant John Cartagena ("Cartagena") (collectively, the "Defendants") were charged by grand jury in a three count Indictment, S2 10 Cr. 222 (RWS). Count One charged the Defendants with participating in a conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. Count Two charged Morillo with attempting to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846. Count Three charged Cartagena with possessing with the intent to distribute cocaine, in violation of 21, U.S.C. § 841(b)(1)(A).

On November 29, 2010, the trial commenced. At the close of the Government's case, counsel for the Defendants moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). The Court denied the Defendants' motions.

On December 7, 2010, the jury returned a guilty verdict on Counts One, Two and Three and found that the amount of drugs at issue for each count was more than 5 kilograms of cocaine.

On January 7, 2011, the Defendants filed motions for a judgment of acquittal or a new trial under Rules 29 and 33. Those motions were heard on March 31, 2011. On April 19, 2011, the Court denied those motions.

2

On April 17, 2012, the Defendant moved for the production of grand jury minutes related to his case. The Government represented that, after review of the 3500 material it produced to the Defendant, the grand jury minutes were produced prior to trial. In addition, the Defendant's trial counsel, Ira London, Esq., represented that he forwarded a copy of the minutes to the Defendant on May 1, 2012. In an Order, dated May 8, 2012, this Court found that the Defendant's motion was moot.

On June 1, 2012, the Defendant filed a letter entitled "Emergency Reported Complaint of prosecutorial misconduct of criminal contempt to fabricate and conceal material information of the grand jury proceedings in an effort to seek conviction by means of fraud and deceit amounting to corruption." (Dkt. No. 93). Specifically, in the letter, the Defendat asks several questions regarding the grand jury minutes from his case including the following: (1) "Where is the grand jury findings of my guilt? This court can't show any evidence of the recorded process nor any official transcripts of the grand jury finding me guilty for the draft in the Bill of Indictment such is a fraud fabricated by [Assistant United States Attorney Ryan P. Poscablo ("AUSA Poscablo")]"; (2) "Should the government give

3

the grand jury minutes and all the reports, documents and affidavits that were used and relied upon in the grand jury process, to my attorney Mr. London prior to trial"; (3) "How can a defendants and his attorney succeed in their defense at trial, without having seen the grand jury minutes and all the evidence and testimonies [of] the grand jury process"; and (4) "Is it a right for a defendant to see his accusers grand jury testimony and statements or affidavits presented to the grand jury or the government prior to trial."

## Discussion

The Government previously affirmed that all 3500 material, Rule 16 discovery, as well as other trial exhibits were provided or made available to defense counsel prior to trial.  In addition, defense counsel recently indicated to the Court that counsel was provided copies of the grand jury minutes of Special Agents Pieszchata and Throne prior to their testimony at trial.  After reviewing the Defendant's previous request and the Government's response, this Court in its May 8, 2012 Order held that the Defendant's request was moot at that time.

In addition, the Defendant makes baseless accusations in his letter, stating that "[t]he grand jury did not find me

4

accountable for the charges drafted in the Bill of Indictment."
As discussed above, the grand jury handed down Indictment 10 Cr.
222 against the Defendants after finding probable cause of the
crimes charged herein.

Having reviewed the Defendant's June 1, 2012 letter
and the Government's response, the Court finds that the
Defendant's request is moot and his other claims and allegations
are without merit. Accordingly, the Defendant's motion is
denied.

It is so ordered.

New York, NY
September 19, 2012

ROBERT W. SWEET
U.S.D.J.